**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raquel Escalante, | No. CV-25-00339-TUC-RCC (LCK) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Vicar Operating Incorporated, et al., | |
| Defendants. | |

Defendants Vicar Operating Incorporated, Jay Rising, Melissa Barlett, Melissa Citro, Shanna Burhans, and Amy Bottari filed a Motion to Dismiss Plaintiff Raquel Escalante's Amended Complaint pursuant to Federal Rule of Civil Procedure 8 and 12(b)(6).[1] (Doc. 40.) Plaintiff responded, and Defendants replied. (Docs. 42, 43.) Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Kimmins for Report and Recommendation. The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the Amended Complaint but grant Plaintiff leave to amend.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action in June 2025 (Doc. 1) and filed an Amended Complaint on July 1, 2025, prior to the appearance of any Defendants (Doc. 18). In the Amended Complaint, Plaintiff named six Defendants: Vicar Operating Incorporated, Jay Rising (HR

---

[1] Defendants requested oral argument on their motion, but the Court has determined that argument would not aid in its resolution of the motion. LRCiv 7.2(f).

representative), Melissa Barlett (Senior Regional HR Partner), Melissa Citro (VCA Valley Pet Resort Manager), Shanna Burhans, and Amy Bottari (Pet Resort Supervisor). Plaintiff set forth the following facts in the Amended Complaint. (*Id.* at 8-12.) She alleged that, prior to May 5, 2022, she had contacted Defendant Citro numerous times about harassment and other concerns with no improvement. On May 5, 2022, she contacted Defendant Barlett due to the same concerns in her workplace. In response, an HR partner appeared onsite, but nothing improved. Plaintiff asserts that meetings initiated by Defendants were unreasonably belated. Plaintiff felt "targeted and harassed and discriminated against" and worked in a hostile environment. (Doc. 18 at 3.) Defendant Bottari criticized Plaintiff constantly, hovered over her, and micromanaged her. Plaintiff was the only Native American employee and the only one treated this way.

On May 10, 2022, Plaintiff's employer gave her a written warning regarding her attendance, indicating "increasing concerns" over her attendance, which "ha[d] affected morale," and demonstrated a "continued lack of reliability." (*Id.* at 8.) Plaintiff alleged she had only five late arrivals, each of which had a justification and some of which had been excused by Defendant Bottari. Plaintiff alleged that Defendant Citro took Ms. Bottari's side on issues and blamed Plaintiff. Plaintiff alleged she did not feel she readily could bring concerns to Defendant Citro and that Citro's attitude toward her had changed. On June 29, 2023, Defendant Burhans ignored Plaintiff's presence when asking another employee to cover a shift. Instead of asking Plaintiff, a staff member from the hospital was asked to cover a night shift.

At a July 17, 2024, meeting with Defendant Rising, Plaintiff was questioned about work responsibilities on specific dates, which felt like an interrogation and harassment. Plaintiff concluded that Defendants were searching for a reason to terminate her. When the meeting concluded, Defendant Rising would not provide any information about next steps or a timeline for further action. At that point, Plaintiff stated that she would be giving her two-week notice, and Defendant Rising offered her paper to complete her notice right then. Fifteen minutes later, an email went to all staff announcing her departure.

- 2 -

1    Plaintiff alleged that she was subjected to retaliation, hostile work environment,
2    racial harassment, employer liability, micromanaging, targeting, and abuse of power. (*Id.*
3    at 12.) She cited 18 U.S.C. § 2261A, A.R.S. § 23-907, the Civil Rights Act of 1991, and
4    the National Labor Relations Act. (*Id.* at 4.) She requested $25 million in compensatory
5    and emotional damages. (*Id.* at 5.) Defendants' motion seeks dismissal of all claims with
6    prejudice.

7    ## STANDARD OF REVIEW

8    The United States Supreme Court has found that, to state a claim, a complaint must
9    allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*
10   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not plead "detailed
11   factual allegations," the factual allegations it does include "must be enough to raise a right
12   to relief above the speculative level." *Id*. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662,
13   678-79 (2009) (interpreting Rule 8(a) and explaining that there must be specific, non-
14   conclusory factual allegations sufficient to support a finding by the court that the claims
15   are more than merely possible, they are plausible.). A mere formulaic recitation of the
16   elements of a cause of action is not sufficient to establish a claim, and legal conclusions
17   are not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 679. Dismissal is only
18   appropriate if the complaint's factual allegations, together with all reasonable inferences
19   drawn in the plaintiff's favor, fail to state a plausible claim that Defendant is liable for the
20   alleged misconduct. *Id*. at 678.

21   Where the pleader is *pro se*, the pleading "should be liberally construed in the
22   interests of justice." *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975); *Erickson v.*
23   *Pardue*, 551 U.S. 89, 94 (2007). However, the Court is not to serve as an advocate of a *pro*
24   *se* litigant in attempting to decipher a complaint. *See e.g., Pliler v. Ford*, 542 U.S. 225, 231
25   (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants"
26   because this would undermine district judges' role as impartial decisionmakers); *Noll v.*
27   *Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as*
28   *stated in Lopez v. Smith*, 160 F.3d 567 (9th Cir. 1998). Additionally, when a court grants

1
2
3
4

dismissal, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (quoting *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)).

## **DISCUSSION**

In their motion, Defendants seek dismissal of Plaintiff's Amended Complaint, in entirety and with prejudice. Plaintiff did not set forth separately numbered claims in the Amended Complaint but listed several statutes as the basis for jurisdiction, 18 U.S.C. § 2261A, A.R.S. § 23-907, the National Labor Relations Act, and the Civil Rights Act of 1991. The Court examines whether the Amended Complaint has stated a cause of action under those statutes or on any other legal basis.

### **18 U.S.C. § 2261A**

This statute criminalizes certain behavior classified as stalking: travelling between jurisdictions, using the mail or electronic communication, or placing under surveillance "with the intent to kill, injure, harass, intimidate" another person. 18 U.S.C. § 2261A (1) & (2). Although Plaintiff alleged she was harassed at her workplace, she did not allege that any Defendants engaged in conduct that meets the statutory elements for stalking. Additionally, in general, "a private party may not enforce a criminal statute through a civil action." *Smith v. Am. Red Cross*, No. CV-2002-0010-TUC-DCB-LAB, 2020 WL 4904240, at *2 (D. Ariz. Aug. 20, 2020). And the criminal statute cited by Plaintiff does not provide a basis for a private right of action through civil litigation. *See Doe v. McCollum*, No. CV-25-01774-PHX-MTL, 2025 WL 2614707, at *2 (D. Ariz. Sept. 10, 2025); *Kruska v. Perverted Just. Found. Inc.*, No. CV-08-0054-PHX-SMM, 2008 WL 2705377, at *2 (D. Ariz. July 9, 2008). Therefore, Plaintiff's assertion of a claim under 18 U.S.C. § 2261A must be dismissed. Because there are no facts Plaintiff could allege to support a private right of action under this statute, a claim pursuant to this statute should be dismissed with prejudice.

1

**A.R.S. § 23-907**

2      Pursuant to this statute, an employee that is injured on the job may bring suit against

3  an employer that fails to procure worker's compensation, or the employee may choose to

4  seek compensation from the state Industrial Commission. A.R.S. § 23-907(A) & (B); *see*

5  *also* A.R.S. § 23-1024. Plaintiff did not allege that her employer failed to maintain worker's

6  compensation or that she was injured in the course of her employment. Therefore,

7  Plaintiff's claim based on A.R.S. § 23-907 must be dismissed. In her motion response,

8  Plaintiff did not address Defendants' argument about this statute. And she did not suggest

9  that she could allege an on-the-job injury or that her employer failed to carry worker's

10  compensation insurance. Therefore, the Court finds this claim should be dismissed with

11  prejudice.

12

**National Labor Relations Act (NLRA)**

13      This law was passed to facilitate employees in organizing and collectively

14  bargaining over the terms of their employment. 29 U.S.C. §§ 151, 157. Employers are

15  deemed to have engaged in unfair labor practices under the Act if they interfere with, or

16  discriminate against, employees that exercise their rights to organize, or refuse to bargain

17  collectively with employee representatives. 29 U.S.C. § 158(a). Plaintiff has not alleged

18  that Defendants impeded her rights under the NLRA or discriminated against her for

19  exercising her rights under this Act. Therefore, her claim based on the NLRA must be

20  dismissed. Further, "the National Labor Relations Board (NLRB or Board) has exclusive

21  jurisdiction to prevent and remedy unfair labor practices by employers." *Golden State*

22  *Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 108 (1989). Therefore, this Court does

23  not have jurisdiction to adjudicate a dispute that Plaintiff may have against her employer

24  under the NLRA. *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 781 (9th Cir. 2001)

25  (upholding the dismissal of unfair labor practices claim under the NLRA by union

26  representatives because those claims were "within the exclusive jurisdiction of the

27  NLRB"). For that reason, Plaintiff's allegation of a violation of the NLRA must be

28  dismissed with prejudice.

1

2               **Employment Discrimination**

3               Plaintiff alleged she was discriminated against based on her race, Native American,

4 and that she was subjected to harassment and retaliation in her workplace. The only statute

5 she cited that relates to employment discrimination is the Civil Rights Act of 1991, 42

6 U.S.C. § 1981a. However, that 1991 act is merely a damages statute for claims of

7 discrimination arising under other statutes. "Section § 1981a does not create a new

8 substantive right or cause of action." *Daniels v. Donahoe*, 901 F. Supp. 2d 1238, 1247 (D.

9 Haw. 2012) (quoting *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998)); *see Pimentel*

10 *v. Orloff*, No. C-08-0249 MMC, 2008 WL 3876173, at *2 (N.D. Cal. Aug. 19, 2008);

11 *Simmons v. Modly*, No. 19-CV-1448 JLS (WVG), 2020 WL 4784739, at *7 (S.D. Cal. Aug.

12 18, 2020) (According to the "plain language of the statute . . . [§ 1981a] merely provides

13 an additional remedy for 'unlawful intentional discrimination . . . prohibited under . . . 42

14 U.S.C. § 2000e-2 or 2000e-3.'") (quoting *Huckabay*, 142 F.3d at 241); 42 U.S.C. § 1981a

15 (titled "Damages in cases of intentional discrimination in employment"). Although the

16 statute may be relevant to discrimination claims brought pursuant to other statutes, it does

17 not provide for an independent cause of action. Therefore, any claims premised on the Civil

18 Rights Act of 1991 must be dismissed with prejudice.

19               Discrimination Based on Race

20               The core of Plaintiff's Amended Complaint are her allegations of unlawful treatment

21 due to her race. Therefore, the Court examines whether her allegations state a claim under

22 Title VII, the primary federal statute addressing racial discrimination in the workplace.

23 Although not mentioned in the Amended Complaint, Plaintiff cited Title VII as a basis for

24 liability in her motion response. (Doc. 42 at 2.)

25               A disparate treatment claim is one in which an individual is treated less favorably

26 than others similarly situated to her based on a prohibited criterion, such as race. *Jauregui*

27 *v. City of Glendale*, 852 F.2d 1128, 1134 (9th Cir. 1988) (quoting *Gay v. Waiters' and*

28 *Dairy Lunchmen's Union*, 694 F.2d 531, 537 (9th Cir. 1982)). A plaintiff's "prima facie

case may be based either on a presumption arising from the factors such as those set forth

in *McDonnell Douglas*, or by more direct evidence of discriminatory intent." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998), as amended (Aug. 11, 1998) (quoting *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994)). The *McDonnell Douglas* factors require Plaintiff to allege that: "(1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably." *Godwin*, 150 F.3d at 1220 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 802 (1973)).

In the Amended Complaint, Plaintiff alleged that she belongs to a protected class because she is Native American. She did not clearly allege that she was performing to her employer's expectations, she suffered an adverse employment action, or other similar employees were treated more favorably than she was. She also did not allege direct evidence that her employer treated her with discriminatory intent. Thus, Plaintiff's allegations of employment discrimination fail to state a Title VII claim and must be dismissed. However, because it is possible that Plaintiff could allege facts sufficient to state a claim, the Court further discusses the individual elements for purposes of amendment.

As to the second element, Plaintiff included no allegations indicating that she was performing according to expectations. Instead, she alleged that her employer had given her a written warning, but she alleges it was not warranted (which may evince unfair treatment) Regardless, the Court cannot rule out the possibility that Plaintiff could allege facts indicating that she was performing satisfactorily. As to the fourth element, Plaintiff alleged that other employees were not treated in the negative way that she was treated, but she did not allege those employees were similarly situated. It is possible she could amend to add facts that would meet satisfy this element.

The third element requires that Plaintiff suffered an adverse employment action. "For claims of disparate treatment under Title VII, an adverse employment action is one that 'materially affects the compensation, terms, conditions, or privileges of employment.'" *Campbell v. Hawaii Dep't of Educ.*, 892 F.3d 1005, 1012 (9th Cir. 2018) (quoting *Davis v.*

*Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008)). This can include actions taken against an employee, such as a demotion or termination, or denying an employee a benefit that was "otherwise available to her." *Id.* at 1013. Plaintiff alleged she was given a written warning based on being tardy to work. (Doc. 18 at 8.) This might qualify as an adverse employment action but only if it materially affected the terms of her employment. *See Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 847 (9th Cir. 2004) (finding a warning letter can be an adverse employment action) (citing *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987)); *Overton v. Mayorkas*, 754 F. Supp. 3d 862, 874 (D. Ariz. 2024) (finding a letter of reprimand was not an adverse employment action because it did not cause any employment consequences and was retained in her file for a maximum of two years). Plaintiff also alleged that a member of management ignored her in front of another employee and did not offer her the opportunity to cover an extra night shift. (Doc. 18 at 9.) "Mere ostracism in the workplace" such as unkind treatment is not an adverse employment action. *Manatt v. Bank of Am., NA*, 339 F.3d 792, 803 (9th Cir. 2003) (finding a supervisor staring angrily and allowing coworkers to be mean did not rise to an adverse action). However, denial of additional shifts could be an adverse employment consequence if it was a benefit "otherwise available" to Plaintiff and materially affected her compensation or terms of employment. The Amended Complaint does not sufficiently allege an adverse employment action, but it is possible Plaintiff could amend to make sufficient allegations as to this element.

<u>Retaliation</u>

Plaintiff made a conclusory allegation that her employer and supervisors retaliated against her, but she did not allege the elements of a retaliation claim. To establish a retaliation claim, Plaintiff must show that she engaged in a protected activity, she was subjected to an adverse employment decision, and the adverse action was causally linked to her protected activity. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002). Plaintiff has failed to allege what protected activity she engaged in and how it was connected to one or more adverse employment actions. Therefore, she has failed to

- 8 -

state a claim for retaliation. The Court further examines each element for purposes of amendment.

Title VII offers employees protection for two types of protected activity, as set forth in the "opposition clause" and the "participation clause." *Sias v. City Demonstration Agency*, 588 F.2d 692, 694-95 (9th Cir. 1978). "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). The participation clause protects involvement only in proceedings established by Congress to protect employee rights against discrimination, which includes EEOC charges (and subsequent administrative proceedings) and civil court actions. *See Vasconcelos v. Meese*, 907 F.2d 111, 113 (9th Cir. 1990); 42 U.S.C. §§ 2000e-5, 2000e-6, 2000e-9. Neither the Amended Complaint nor Plaintiff's motion response contain allegations indicating that Plaintiff participated in a Title VII charge while working for Defendants. Therefore, it does not appear the participation clause is implicated.

The Court next examines the opposition clause of Title VII. In the Amended Complaint, Plaintiff alleged she made internal complaints to her supervisors about her treatment. These direct communications with her employer could come within the opposition clause. *See Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1313 (6th Cir. 1989). However, the clause protects employees only if they oppose "what they reasonably perceive as discrimination" under Title VII, meaning discrimination against employees protected by Title VII based on "race, color, religion, sex, or national origin." *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988); *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994). Thus, Plaintiff's internal complaints may be protected by the opposition clause but only if they opposed discriminatory conduct. *See Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406, 1411-12 (9th Cir. 1987) (dismissing retaliation claim based on opposition to employer conduct based on personal reasons not racial discrimination);

- 9 -

*Amobi v. Ariz. Bd. of Regents*, No. 2:10-CV-01561-JWS, 2011 WL 308466, at *5 (D. Ariz. Jan. 28, 2011) (dismissing retaliation claim in absence of allegation that plaintiff complained to defendants that she was being discriminated against based on her race or national origin); *Ahuvia v. Wyndham Vacation Resorts, Inc.*, 988 F. Supp. 2d 1184, 1192-93 (D. Haw. 2013) (finding complaints of favoritism not a protected activity and collecting relevant cases). In the Amended Complaint, Plaintiff made only general allegations stating she complained to her employer about harassment and discrimination. On amendment, it's possible Plaintiff could allege that she complained of discrimination based on race.

The range of adverse employment actions for a retaliation claim is broad and includes actions that "'a reasonable employee would have found . . . materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). Trivial employment actions that would not have a deterrent effect do not qualify; however, examples of qualifying actions are "termination, dissemination of a negative employment reference, issuance of an undeserved negative performance review and refusal to consider for promotion." *Brooks v. City of San Mateo*, 229 F.3d 917, 928-29 (9th Cir. 2000). Whether a particular action by an employer "is materially adverse depends upon the circumstances of the particular case, and 'should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances.'" *Burlington*, 548 U.S. at 71 (holding that reassignment of job duties not automatically actionable but materially adverse when evidence shows new duties were more arduous, less prestigious, and considered a lesser job) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998)).

The Ninth Circuit and this Court have held that "scolding" or criticizing an employee does not qualify as an adverse employment action. *Nunez v. City of Los Angeles*, 147 F.3d 867, 874 (9th Cir. 1998); *Hellman v. Weisberg*, No. CV-06-1465-PHX-FJM, 2007 WL 4218973, at *6 (D. Ariz. Dec. 3, 2007), *aff'd*, 360 F. App'x 776 (9th Cir. 2009).

Additionally, without more, a threatened dismissal is not an adverse employment action. *See Nunez*, 147 F.3d at 874; *Hellman*, 2009 WL 5033643, at *2; *Martines v. Las Vegas Metro. Police Dep't*, No. 2:12-CV-01441-LDG, 2014 WL 1307235, at *5 (D. Nev. Mar. 28, 2014) (finding a pre-termination hearing notice did not qualify as an adverse employment action). Further, "an employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *See Burlington*, 548 U.S. at 68 (citing B. Lindemann & P. Grossman, Employment Discrimination Law 669 (3d ed. 1996) (noting that "courts have held that personality conflicts at work that generate antipathy" and "'snubbing' by supervisors and co-workers" are not actionable under § 704(a))). Upon amendment, it is possible Plaintiff could allege adverse employment actions that satisfy the second element of a retaliation claim.

Finally, Plaintiff has not alleged that any adverse employment actions were causally linked to her complaints about discriminatory treatment. Causation requires a showing that one of the reasons for the adverse action was Plaintiff's protected activity and that "but for" that activity she would not have been subjected to the adverse action. *Villiarimo*, 281 F.3d at 1064-65 (quoting *Ruggles v. Cal. Poly. State Univ.*, 797 F.2d 782, 785 (9th Cir. 1986)). Causation can be "inferred from 'proximity in time between the protected action and the allegedly retaliatory employment decision.'" *Ray v. Henderson*, 217 F.3d 1234, 1244 (9th Cir. 2000) (quoting *Yartzoff*, 809 F.2d at 1371). A proximity inference may apply if the adverse action occurs "fairly soon" after the plaintiff's protected activity. *Villiarimo*, 281 F.3d at 1065 ("A nearly 18-month lapse between protected activity and an adverse employment action is simply too long, by itself, to give rise to an inference of causation.") (quoting *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1009–10 (7th Cir. 2000)). Plaintiff has failed to plead a causal link between protected activity and an adverse employment action. An amended complaint would need to identify specific protected conduct and the link between that conduct and specific adverse actions, including the timing of both Plaintiff's conduct and alleged adverse actions.

1          Hostile Work Environment

2          Plaintiff alleged that she was subjected to a hostile work environment, but she did

3   not substantiate that conclusory allegation with any specific facts. To establish a hostile

4   work environment, Plaintiff must establish that she was subjected to unwelcome conduct

5   based on her race, and that the "conduct was sufficiently severe or pervasive to alter the

6   conditions of . . . employment and create an abusive work environment." *Manatt v. Bank*

7   *of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) ("teasing, offhand comments, and isolated

8   incidents" are not sufficient); *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109-10 (9th Cir.

9   2000) (quoting *Pavon v. Swift Trans. Co., Inc.*, 192 F.3d 902, 908 (9th Cir. 1999)). As to

10  the first element, plaintiff must have been "subjected to verbal or physical conduct of a

11  racial . . . nature." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003), as

12  amended (Jan. 2, 2004). A plaintiff must establish that she believed the conduct to be

13  abusive and that a reasonable person would find it so; thus, the working conditions must

14  be subjectively and objectively offensive. *Faragher v. City of Boca Raton*, 524 U.S. 775,

15  787 (1998). Title VII is not a "general civility code"; thus, "the sporadic use of abusive

16  language . . . and occasional teasing" do not reach the extreme level required to state a

17  claim. *Id.* at 788 (quoting *Oncale*, 523 U.S. at 80; B. Lindemann & D. Kadue, Sexual

18  Harassment in Employment Law 175 (1992)). To the extent harassment is conducted by a

19  supervisor, the employer bears vicarious liability. *Nichols v. Azteca Rest. Enters., Inc.*, 256

20  F.3d 864, 875 (9th Cir. 2001).

21         Plaintiff alleged that she was subjected to ongoing harassment by one or more

22  supervisors, but she did not allege the harassment was of a racial nature. Further her

23  allegations are too vague to qualify as sufficiently severe such that they altered her

24  conditions of employment. Plaintiff has failed to state a claim for a hostile work

25  environment; however, it is possible she could amend to state such a claim.

26         Constructive Discharge

27         In the Amended Complaint, Plaintiff alleged that after two years without a

28  resolution to her concerns from management, she resigned. (Doc. 18 at 12.) Because she

1    alleged that she had been subjected to a hostile work environment, the Court looks at the

2    elements for constructive discharge. A court evaluates constructive discharge through an

3    objective lens, asking "[d]id working conditions become so intolerable that a reasonable

4    person in the employee's position would have felt compelled to resign?" *Pa. State Police*

5    *v. Suders*, 542 U.S. 129, 141 (2004); *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1110

6    (9th Cir. 1998). The Ninth Circuit also has defined constructive discharge as occurring

7    "when the working conditions deteriorate, as a result of discrimination, to the point that

8    they become 'sufficiently extraordinary and egregious to overcome the normal motivation

9    of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood

10   and to serve his or her employer.'" *Brooks*, 229 F.3d at 930 (quoting *Turner v. Anheuser-*

11   *Busch, Inc.*, 7 Cal. 4th 1238, 1246, 876 P.2d 1022 (1994)). An employee must show "some

12   aggravating factors" such as "a continuous pattern of discriminatory treatment." *Bergene*

13   *v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1144 (9th Cir.

14   2001) (quoting *Thomas v. Douglas*, 877 F.2d 1428, 1434 (9th Cir. 1989)). Plaintiff did not

15   allege the elements of constructive discharge in the Amended Complaint, but it is not

16   impossible that she could allege such a claim upon amendment.

17       <u>Exhaustion</u>

18       This Court has subject matter jurisdiction over Title VII claims only to the extent

19   they were timely brought in a charge before the EEOC (or appropriate state agency).

20   *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) (quoting *B.K.B.*

21   *v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002)). This Court's jurisdiction

22   encompasses allegations that "fell within the scope of the EEOC's actual investigation or

23   an EEOC investigation which can reasonably be expected to grow out of the charge of

24   discrimination." *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994). The Court

25   must construe Plaintiff's EEOC charge "with the utmost liberality." *Id.* (quoting *Kaplan v.*

26   *Int'l Alliance of Theatrical & Stage Employees*, 525 F.2d 1354, 1359 (9th Cir. 1975)). If

27   new allegations in the Amended Complaint are "like and reasonably related" to the

28   allegations in the EEOC charge, then the claims are exhausted. *Id.* (quoting *Oubichon v. N.*

*Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973)). When evaluating exhaustion, the Court may consider the basis alleged for the discrimination, the dates alleged in the charge, the actors named in the charge, and the location of the alleged discrimination. *Freeman*, 291 F.3d at 636 (quoting *B.K.B.*, 276 F.3d at 1100).

Plaintiff did not mention filing a discrimination charge with the EEOC or the Arizona Attorney General's Office in her Amended Complaint. (Doc. 18.) In her motion response, she indicated that she filed a charge with the EEOC and received a Notice of a Right to Sue on March 12, 2025. (Doc. 42 at 2.) Plaintiff did not allege what was included in her EEOC charge, and she did not attach a copy of her charge to the Complaint. For that reason, it is not apparent that this Court has jurisdiction over her Amended Complaint. This is yet another reason that her pleading is subject to dismissal.

<u>Individual Defendants</u>

Defendants contend that the named individual Defendants should be dismissed because they are not properly named on a Title VII claim. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., prohibits employers from discriminating on the basis of race, among other things. *See* 42 U.S.C. § 2000e-2(a). Because the named individuals were not Plaintiff's employer, the statute does not allow a Title VII claim to be brought against them. *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) ("We have long held that Title VII does not provide a separate cause of action against supervisors or co-workers."). Because all claims other than Title VII are subject to dismissal with prejudice, and Plaintiff cannot amend to state a Title VII claim against any individuals, the individual Defendants Jay Rising, Melissa Barlett, Melissa Citro, Shanna Burhans, and Amy Bottari must be dismissed with prejudice.

## AMENDMENT

The Court determined that Plaintiff has failed to state a claim under any legal theory in her Amended Complaint. However, the Court must grant Plaintiff leave to amend if there is a possibility that she can cure the defects and state a claim. *See Doe*, 58 F.3d at 497. The Court concluded that Plaintiff could not cure the defects and state a claim based on 18

U.S.C. § 2261A, A.R.S. § 23-907, the Civil Rights Act of 1991, or the National Labor Relations Act; therefore, amendment of those claims is not warranted. The Court found a possibility that Plaintiff could amend to state various claims—discrimination based on race, retaliation, hostile work environment, and constructive discharge—under Title VII against Defendant Vicar Operating Incorporated only. Title VII claims may not be brought against individuals; therefore, amendment is not warranted as to those Defendants.

When dismissing with leave to amend, a court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). The Court has provided the reasons for dismissal of the Title VII claims but also provides general guidance for purposes of amendment.

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Especially where the pleader is *pro se*, "pleadings should be liberally construed in the interests of justice." *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975). Nonetheless, a complaint must set forth a set of facts that serves to put defendant on notice as to the nature and basis of the claim(s). All allegations of a claim are to be set forth in numbered paragraphs, each of which should be limited to a single set of circumstances. Fed. R. Civ. P. 10(b). The format of Plaintiff's Amended Complaint does not comply with the requirement of Federal Rule 8(a) that it contain a short and plain statement of the claims showing that she is entitled to relief, or Federal Rule 10(a) that each claim be set forth in numbered paragraphs each consisting of a single set of circumstances. The Amended Complaint contains primarily conclusory statements unsupported by specific facts. Plaintiff did not detail separate claims or state the legal basis for relief.

Overall, Plaintiff's Amended Complaint is vague and does not offer sufficient detail to Defendant to know what it is alleged to have done wrong. Plaintiff must identify the conduct she considered discriminatory, the dates on which she complained of discrimination and the content of those complaints, adverse employment actions to which

she alleges she was subjected, and the dates on which those actions were imposed. For purposes of establishing jurisdiction, Plaintiff must allege further information about the EEOC process in which she participated. It would be helpful for Plaintiff to attach a copy of her EEOC charge and her right to sue letter.

Plaintiff shall file her amended pleading on a form for employment discrimination claims, available on the Court's website, here: https://www.uscourts.gov/forms-rules/forms/complaint-employment-discrimination. Plaintiff must clearly designate on the face of the document that it is a "Second Amended Complaint." If Plaintiff fails to use the court-approved form, the Court may strike the Second Amended Complaint and dismiss this action without further notice to Plaintiff. The Second Amended Complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the prior complaints by reference. An amended complaint supersedes any prior complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the prior complaints as nonexistent. *Ferdik*, 963 F.2d at 1262. Plaintiff is reminded of her obligation to comply with all rules of procedure and Court orders, regardless of her pro se status. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Failure to do so may result in dismissal of the action. Fed. R. Civ. P. 41(b); *Ferdik*, 963 F.2d at 1260. If Plaintiff does not file an amended complaint within the deadline set by the District Judge, this case will be subject to dismissal without further notice.

As Plaintiff was notified when she initiated this case, the Court has an advice clinic for people that are representing themselves. (Doc. 5 at 7.) If Plaintiff chooses to seek advice through the clinic, she should click the button that says, "Apply for help" at https://www.stepuptojustice.org/.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order granting Defendants' Motion to Dismiss (Doc. 40). The Magistrate Judge

recommends dismissal with prejudice of: claims premised on 18 U.S.C. § 2261A, A.R.S. § 23-907, the Civil Rights Act of 1991, and the National Labor Relations Act; and the individual Defendants Jay Rising, Melissa Barlett, Melissa Citro, Shanna Burhans, and Amy Bottari. The Magistrate Judge further recommends granting Plaintiff leave to amend, in accord with the Court's directions, claims arising from Title VII against Defendant Vicar Operating Inc.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived.

Dated this 19th day of November, 2025.



Honorable Lynnette C. Kimmins
United States Magistrate Judge